Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Helga Hakimi (SBN 257381)
Helga.Hakimi@capstonelawyers.com
Roxanna Tabatabaeepour (SBN 260187)
Roxanna.Taba@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff, Jose Jesus Avalos-Aviles

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS AVALOS-AVILES, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01257-KJM-DB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD CLAIM UNDER THE PRIVATE ATTORNEY GENERAL ACT (*Labor Code* §§2698 *et. seq.*)**<br><br>[Filed Concurrently with (**1**) the *Declaration of Roxanna Tabatabaeepour*; and (**2**) [Proposed] *Order*]<br><br>Hearing Date:  October 7, 2022<br>Hearing Time:  10:00 a.m.<br>Place:  Courtroom 3, 15th Floor<br>Hon. Kimberly J. Mueller |

**TO THE HONORABLE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 7, 2022, at 10:00 a.m. in Courtroom 3, 15th Floor of the United States District Court for the Eastern District of California, Robert T. Matsui Courthouse located at 501 I Street, Sacramento, CA 95814, the Honorable Kimberly J. Mueller presiding, Plaintiff Jose Jesus Avalos-Aviles will and hereby does move for an Order granting Plaintiff's motion for leave to amend his complaint to add a cause of action under the Private Attorney General Act ("PAGA") (*Cal. Labor Code* §§2698 *et. seq.*).

Plaintiff bases this Motion on his having satisfied each of the requirements necessary to bring a claim under the PAGA, which includes:

1. Having "give[n] written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation" [*Cal. Lab. Code § 2699.3(a)(1)*];
2. Having **not** received a written response from the LWDA within 65 days of providing such Notice [*Cal. Lab. Code § 2699.3(a)(2)(A)* ("if no notice is provided [by the agency] within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."), and
3. Having brought the instant Motion within 60 days of the expiration of the Notice Period, entitling Plaintiff to amend his complaint as a matter of right. *See Cal. Labor Code §2699.3(a)(2)(C)* ("Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.").

Plaintiff's motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the declaration of Roxanna Tabatabaeepour filed concurrently herewith, the Court's entire file in this matter, and on such additional papers and arguments as may be presented at or before the hearing of this matter.

This Motion is made following a conference between counsel for Plaintiff and counsel for Defendant on August 10, 2022, during which counsel for Defendant indicated they would not agree to the relief requested in this Motion.

A copy of Plaintiff's Proposed First Amended Complaint is attached to the Declaration of Roxanna Tabatabaeepour.

Dated: August 24, 2022         Respectfully submitted,

Capstone Law APC

By:   */s/ Roxanna Tabatabaeepour*
Orlando Villalba
Helga Hakimi
Roxanna Tabatabaeepour

Attorneys for Plaintiff, Jose Jesus Avalos-Aviles

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure, Rule 15, Plaintiff Jose Jesus Avalos-Aviles moves the Court for leave to file his First Amended Complaint in order to add a claim under California's Private Attorney General Act ("PAGA").

As set forth herein, leave to amend is appropriate under Federal Rules of Civil Procedure 15, as Plaintiff **(1)** provided written Notice to Defendant and the Labor and Workforce Development Agency on **May 13, 2022**, as required by *Cal. Lab. Code § 2699.3(a)(1)*, **(2)** has **not** received a written response from the LWDA within 65 days of providing such Notice, as set forth in *Cal. Lab. Code § 2699.3(a)(2)(A)*, and **(3)** has sought leave to amend within 60 days of the expiration of this Notice Period. *See Cal. Lab. Code §2699.3(a)(2)(C)* ("Notwithstanding any other provision of law, a plaintiff may **as a matter of right** amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."). As satisfaction of each of these requirements entitles Plaintiff to amend his complaint to add a PAGA claim as a matter of right, and as Plaintiff has moved promptly to do so, good cause exists and Defendant is not prejudiced by the amendment.

As set forth in greater detail herein, because good cause exists to grant Plaintiff leave to amend his complaint, and there is no prejudice to Defendant in allowing the amendment, Plaintiff respectfully requests the Court grant Plaintiff leave to file the First Amended Complaint.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his proposed Class Action Complaint on May 31, 2022.  His Complaint alleges various violations of the California Labor Code and Business Professions Code, including: (1) failure to pay overtime compensation; (2) failure to pay minimum wage; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to maintain compliant wage statements and payroll records; (6) failure to pay timely wages upon termination; (7) failure to pay timely wages during employment; (8) failure to reimburse necessary business expenses; (9) unlawful business practices; and (10) unfair business

1  practices.

2  Defendant Red Robin International, Inc. filed its Answer to the Complaint on July 12,
3  2022 and subsequently removed the instant Action to the above entitled Court on July 15,
4  2022.

5  On May 13, 2022, Plaintiff submitted a PAGA notice to the LWDA of his intention to
6  seek penalties pursuant to Labor Code §§ 2698, *et seq.*, or the Private Attorneys General Act
7  ("PAGA"), for violations of the same Labor Code provisions as well as Defendant's Violation
8  of (1) Labor Code section 204 for failure to pay all earned wages during employment (2)
9  Labor Code sections 212 and 213 for issuing instruments for the payment of wages that were
10 not payable in cash on demand, without discount, and with prior authorization (3) Labor Code
11 sections 221 and 224 for unlawfully deducting a portion of wages previously paid to other
12 aggrieved employees: (4) Labor Code section 223 for secretly paying other aggrieved
13 employees lower wages than required by statute, while purporting to pay the proper wages (5)
14 Labor Code section 351 for collecting and/or withholding gratuities given to other aggrieved
15 employees, (6) Labor Code section 1198 and the applicable IWC Wage Order for failure
16 to provide suitable seating, and (7) Labor Code section 1198 and the applicable IWC Wage
17 Order for fail to pay reporting time pay when other aggrieved employees were put to work for
18 less than half of their usual or scheduled shifts.

19 As of 65 days of the submission of said PAGA Notice, which expired on July 17, 2022,
20 Plaintiff has not received a written response by the LWDA. On July 29, 2022, Plaintiff notified
21 Defendant's Counsel of his intention to amend his Complaint pursuant to *Cal. Lab. Code*
22 *§2699.3(a)(2)(C)* and requested that Defendant stipulate to said Amendment. On August 10,
23 2022 Defendant's Counsel indicated that they would not stipulate to the amendment and
24 Plaintiff promptly filed the instant Motion.

25 **III.    PROPOSED AMENDMENTS**

26 The First Amended Complaint and a comparison of the [Proposed] First Amended
27 Complaint to the Complaint are attached as Exhibits A and B, respectively, to the concurrently
28 filed Declaration of Roxanna Tabatabaeepour.

The substance of the changes in the proposed First Amended Complaint are as follows:

 (1) adjusting the jurisdiction and venue language to reflect removal, i.e. federal authority;

 (2) adding PAGA representative allegations;

 (3) removing reference to California class action standards in the class allegations;

 (4) adding a Ninth Cause of Action for Violation of The Private Attorney General Act (*Cal. Lab. Code* §§2698 *et. seq.*), which is predicated upon the violations alleged in the first eight causes of action stated above as well as the additional alleged violations outlined in Plaintiff's PAGA notice as outlined above.  Plaintiff alleges this claim on a representative basis, on behalf of himself, the State of California, and other persons who are or were employed by Defendant as a non-exempt, hourly paid employee in California and who received at least one wage statement; and

 (5) adding the corollary prayer for relief at paragraphs 54-57 therein.

## IV. LEAVE TO AMEND IS WARRANTED UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 15

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Liberality in granting leave to amend applies regardless of whether or not an amendment will add causes of action or parties. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

"The four factors commonly used to determine the propriety of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-156 (N.D. Cal. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); DCD Programs, 833 F.2d at 186). Of these factors, prejudice to the party opposing an amendment carries the greatest weight. *Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing an amendment "'bears the burden of showing prejudice.'" *Id.* (citing *DCD Programs*, 833 F.2d at 186-187).

Each of these factors favors granting Plaintiff leave to amend the complaint. As described above, Plaintiff's motion is made in good faith in pursuit of his claims. And, as noted above, Plaintiff has not delayed in moving to amend, as he is only making edits that reflect Defendant's recent removal to the instant Court and further has only had the right to amend to include his PAGA claim under the relevant statute since July 2022. Further, this amendment does not prejudice Defendant and is not futile as the amendment requested only serves reflect current jurisdiction and to incorporate Plaintiff's claim under PAGA, which he is permitted to add to an existing claim only once conditions have been met – which they now have - as a matter of right under the relevant statute.

Moreover, the non-moving party bears the burden of demonstrating why leave to amend should be denied. *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-531 (N.D. Cal. 1989). Rule 15(a) creates a presumption in favor of granting leave to amend, absent prejudice or a strong showing of any of the remaining *Foman* factors. *Eminence Capital*, 316 F.3d at 1052. Defendant simply cannot make such a showing here as none of the factors are present. As Defendant cannot meet its burden with respect to this motion, leave to amend should be granted.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit Plaintiff leave to file his proposed First Amended Complaint.

Dated: August 24, 2022                    Capstone Law APC

By:  */s/ Roxanna Tabatabaeepour*
Orlando Villalba
Helga Hakimi
Roxanna Tabatabaeepour
Attorneys for Plaintiff Jose Jesus Avalos-Aviles