1  Orlando Villalba (SBN 232165)
   Orlando.Villalba@capstonelawyers.com
2  Helga Hakimi (SBN 257381)
   Helga.Hakimi@capstonelawyers.com
3  Roxanna Tabatabaeepour (SBN 260187)
   Roxanna.Taba@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:     (310) 556-4811
6  Facsimile:     (310) 943-0396

7  Attorneys for Plaintiff Jose Jesus Avalos-Aviles

8

9               UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11  | JOSE JESUS AVALOS-AVILES, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"), | Case No.: 2:22-cv-01257-KJM-DB |
12  | | |
13  | | **FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, *ET SEQ*.** |
14  | | |
15  | Plaintiff, | |
16  | vs. | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
17  | RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 10, inclusive, | (2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages); |
18  | | (3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods); |
19  | | |
20  | Defendants. | (4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods); |
21  | | (5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records); |
22  | | |
23  | | (6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); |
24  | | |
25  | | (7) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment); |
26  | | (8) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses); |
27  | | (9) Civil Penalties for Violations of California Labor Code, Pursuant to PAGA, §§ 2698, *et seq.*; |
28  | | |

(10)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and

(11)    Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Jose Jesus Avalos-Aviles, individually and on behalf of all other members of the public similarly situated, and as an aggrieved employee and on behalf of all other aggrieved employees, alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants, and non-class representative enforcement action brought pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.* ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly paid employees and received at least one wage statement and against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint.

2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3.     Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of Sacramento.  Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

4.     The PAGA statute authorizes aggrieved employees to sue directly as the proxy of the State of California for civil penalties for violations of various provisions in the California Labor Code.

## THE PARTIES

5.     Plaintiff Jose Jesus Avalos-Aviles is a resident of Folsom, in Sacramento County, California.  Defendants employed Plaintiff as an hourly paid, non-exempt employee from approximately February 2002 to October 2021.  Plaintiff worked for Defendants as a

Line Cook, Dishwasher, HOH Trainee, FOH Trainee, and Janitorial employee at their restaurant located in Folsom, California.  Plaintiff typically worked six (6) or more hours per day, five (5) or more days per week, from 4:00 p.m. to 10:00 p.m.  Plaintiff's job duties included, without limitation, cooking food, re-stocking ingredients, and cleaning and maintaining the kitchen.

6.    RED ROBIN INTERNATIONAL, INC. was and is, upon information and belief, a Nevada corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of RED ROBIN INTERNATIONAL, INC. at all relevant times.

9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, RED ROBIN INTERNATIONAL, INC. and/or DOES 1 through 10 (collectively, "Defendants" or "RED ROBIN"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.    Plaintiff is informed and believes, and thereon alleges, that each of said

FIRST AMENDED CLASS ACTION COMPLAINT

Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**GENERAL ALLEGATIONS**

12.    Defendants own and operate approximately 59 Red Robin restaurant locations in California.  Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in Greenwood Village, Colorado, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

13.    In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

14.    Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Greenwood Village, Colorado, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations and jobsites in California, including Plaintiff and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

15.    Defendants continue to employ non-exempt or hourly paid employees in California.

16.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

17.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

18.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

19.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding rates of pay for overtime wages and/or meal and rest period premiums, that included as eligible income all renumeration required by law, including but not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation, but failed to include all forms of remuneration in calculating the regular rate of pay for Plaintiff and class members.

20.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

21.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal

1    period.

2        22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3    should have known that Plaintiff and class members were entitled to rest periods in

4    accordance with the California Labor Code and applicable IWC Wage Order or payment of

5    one (1) additional hour of pay at their regular rates of pay when they were not authorized and

6    permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiff

7    and class members were not authorized and permitted to take compliant rest periods, nor did

8    Defendants provide Plaintiff and class members with payment of one (1) additional hour of

9    pay at their regular rates of pay when they were not authorized and permitted to take a

10    compliant rest period.

11        23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

12    should have known that Plaintiff and class members were entitled to receive complete and

13    accurate wage statements in accordance with California law.  In violation of the California

14    Labor Code, Plaintiff and class members were not provided complete and accurate wage

15    statements.

16        24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17    should have known that they had a duty to maintain accurate and complete payroll records in

18    accordance with the California Labor Code and applicable IWC Wage Order, but willfully,

19    knowingly, and intentionally failed to do so.

20        25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21    should have known that Plaintiff and class members were entitled to timely payment of all

22    wages earned upon termination of employment.  In violation of the California Labor Code,

23    Plaintiff and class members did not receive payment of all wages due, including, but not

24    limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within

25    permissible time periods.

26        26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27    should have known that Plaintiff and class members were entitled to timely payment of wages

28    during their employment.  In violation of the California Labor Code, Plaintiff and class

members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they were prohibited from issuing instruments for the payment of wages that were not payable in cash on demand, without discount and with authorization, but did so in violation of the California Labor Code.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to the portion of wages previously paid and subsequently unlawfully deducted by Defendants.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to payment of wages as designated by statute.  In violation of the California Labor Code, Defendants secretly paid Plaintiff and/or class members lower wages than required by statute while purporting to pay them proper wages.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they could not implement an unreasonable employer-mandated tip pooling policy.  In violation of the California Labor Code, Defendants implemented a mandatory tip-pooling policy requiring Plaintiff and/or class members to turn over a percentage of their expected tips or gratuities to the tip pool instead of the actual amounts of tips or gratuities they received.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties and also have seats nearby to use during a lull in tasks that do require moving about or standing.  In violation of the California Labor Code and applicable IWC Wage Order, Defendants failed to provide Plaintiff and/or class members with suitable seating.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to receive all reporting

time pay when they reported to work for their scheduled shift but were put to work for less than half of their usual or scheduled shift.  In violation of the California Labor Code and applicable IWC Wage Order, Defendants did not pay Plaintiff and/or class members all reporting time pay.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

34.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

## PAGA REPRESENTATIVE ALLEGATIONS

35.     At all times herein set forth, PAGA provides that any provision of law under the Labor Code and applicable IWC Wage Order that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code and applicable IWC Wage Order may, as an alternative, be recovered by aggrieved employees in a civil action brought on behalf of themselves and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

36.     PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

37.     Plaintiff and other current and former employees of Defendants are "aggrieved employees" as defined by Labor Code section 2699(c) in that they are all Defendants' current or former employees and one or more of the alleged violations were committed against them.

38.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    (a)    The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violation.

    (b)    An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(a) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

    (c)    The LWDA shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation ("LWDA's Notice") within sixty (60) calendar days of the postmark date of the aggrieved employee's notice.  Upon receipt of the LWDA Notice, or if no LWDA Notice is provided within sixty-five (65) calendar days of the postmark date of the aggrieved employee's notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties.

39.     Pursuant to California Labor Code sections 2699.3(c), aggrieved employees, through Plaintiff, may pursue a civil action arising under PAGA for violations of any provision other than those listed in Section 2699.5 after the following requirements have been met:

    (a)    The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated (other than those listed in Section 2699.5), including the facts and theories to support the alleged violation.

(b)    An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(c) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

(c)    The employer may cure the alleged violation within thirty-three (33) calendar days of the postmark date of the notice sent by the aggrieved employee or representative. The employer shall give written notice within that period of time by certified mail to the aggrieved employee or representative and by online filing with the LWDA if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the aggrieved employee may commence a civil action pursuant to Section 2699.

40.    On May 13, 2022, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code section 2699.3. Plaintiff's written notice was accompanied with the applicable filing fee of seventy-five dollars ($75). The LWDA PAGA Administrator confirmed receipt of Plaintiff's written notice and assigned Plaintiff PAGA Case Number LWDA-CM-883802-22. A true and correct copy of Plaintiff's written notice to the LWDA and Defendants is attached hereto as "Exhibit 1."

41.    As of the filing date of this complaint, over 65 days have passed since Plaintiff sent the notice described above to the LWDA, and the LWDA has not responded that it intends to investigate Plaintiff's claims and Defendants have not cured the violations.

42.    Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 351, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

43.    Labor Code section 558(a) provides "[a]ny employer or other person acting on

1  behalf of an employer who violates, or causes to be violated, a section of this chapter or any

2  provision regulating hours and days of work in any order of the Industrial Welfare

3  Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

4  dollars ($50) for each underpaid employee for each pay period for which the employee was

5  underpaid. . . . (2) For each subsequent violation, one hundred dollars ($100) for each

6  underpaid employee for each pay period for which the employee was underpaid. . . ."  Labor

7  Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition

8  to any other civil or criminal penalty provided by law."

9     44.    Defendants, at all times relevant to this complaint, were employers or persons

10  acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees'

11  rights by violating various sections of the California Labor Code as set forth above.

12     45.    As set forth below, Defendants have violated numerous provisions of both the

13  Labor Code sections regulating hours and days of work as well as the applicable IWC Wage

14  Order.

15     46.    Pursuant to PAGA, and in particular, California Labor Code sections 2699(a),

16  2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a

17  private attorney general, seeks assessment and collection of civil penalties for himself, all

18  other aggrieved employees, and the State of California against Defendants for violations of

19  California Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 351,

20  510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

21                          **CLASS ACTION ALLEGATIONS**

22     47.    Plaintiff brings this action on his own behalf, as well as on behalf of each and

23  all other persons similarly situated, and thus seeks class certification under Rule 23 of the

24  Federal Rules of Civil Procedure.

25     48.    All claims alleged herein arise under California law for which Plaintiff seeks

26  relief authorized by California law.

27     49.    Plaintiff's proposed class consists of and is defined as follows:

28  //

1
2

All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from October 24, 2018, until the date of trial ("Class").

3

50.     Plaintiff's proposed subclass consists of and is defined as follows:

4
5
6

All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

7

51.     Members of the Class and Subclass are referred to herein as "class members."

8

52.     Plaintiff reserves the right to redefine the Class and Subclass and to add

9

additional subclasses as appropriate based on further investigation, discovery, and specific

10

theories of liability.

11

53.     This action is brought and properly may be maintained as a class action

12

pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1),

13

(b)(2), or (b)(3) and satisfies the requirements thereof.

14

54.     According to Defendants' removal papers, there are at least 1,200 non-exempt,

15

hourly paid employees working for Defendants across California during the relevant period.

16

Thus, it is reasonable to presume that the members of the class are so numerous that joinder of

17

all members is impracticable.  The disposition of their claims in a class action will provide

18

substantial benefits to the parties and the Court.

19

55.     Plaintiff's claims are typical of those of the class members, because Plaintiff

20

suffered the violations set forth in this First Amended Complaint.

21

56.     Plaintiff will adequately protect the interests of class members.  Plaintiff has no

22

interests that are adverse to or conflict with class members and is committed to the vigorous

23

prosecution of this action.  To that end, Plaintiff has retained counsel who is competent and

24

experienced in handling class actions on behalf of employees.

25

57.     A class action is superior to all other available methods for the fair and efficient

26

adjudication of this controversy since joinder of all members is impracticable.  Furthermore,

27

as the amount suffered by individual class members may be relatively small, the expense and

28

burden of individual litigation make it impossible for members of the Class to individually

1   redress the wrongs done to them.  There will be no difficulty in the management of this case

2   as a class action.

3       58.    There are common questions of law and fact as to class members that

4   predominate over questions affecting only individual members, including, but not limited to:

5       (a)    Whether Defendants required Plaintiff and class members to work over

6              eight (8) hours per day, over twelve (12) hours per day, or over forty

7              (40) hours per week and failed to pay all legally required overtime

8              compensation to Plaintiff and class members;

9       (b)    Whether Defendants failed to include all forms of remuneration in the

10             "regular rate" of pay as required by law for purposes of paying overtime

11             wages and/or meal and rest period premiums to Plaintiff and class

12             members;

13      (c)    Whether Defendants failed to pay Plaintiff and class members at least

14             minimum wages for all hours worked;

15      (d)    Whether Defendants failed to provide Plaintiff and class members with

16             meal periods;

17      (e)    Whether Defendants failed to authorize and permit Plaintiff and class

18             members to take rest periods;

19      (f)    Whether Defendants provided Plaintiff and class members with

20             complete and accurate wage statements as required by California Labor

21             Code section 226(a);

22      (g)    Whether Defendants maintained accurate payroll records as required by

23             California Labor Code section 1174(d);

24      (h)    Whether Defendants failed to pay earned overtime wages, minimum

25             wages, and/or meal and rest period premiums due to Plaintiff and class

26             members upon their discharge;

27      (i)    Whether Defendants failed to timely pay overtime wages, minimum

28             wages, and/or meal and rest period premiums to Plaintiff and class

1       members during their employment;

2   (j)    Whether Defendants issued instruments for the payment of wages that

3          were not payable in cash on demand, without discount, and with prior

4          authorization, in violation of California Labor Code sections 212 and

5          213.

6   (k)    Whether Defendants unlawfully deducted a portion of wages previously

7          paid to Plaintiff and/or class members, in violation of California Labor

8          Code sections 221 and 224;

9   (l)    Whether Defendants secretly paid Plaintiff and/or class members lower

10         wages than required by statute while purporting to pay the proper

11         wages, in violation of California Labor Code section 223;

12  (m)    Whether Defendants unlawfully implemented and imposed an

13         unreasonable tip-pooling policy on Plaintiff and/or class members, in

14         violation of California Labor Code section 351;

15  (n)    Whether Defendants failed to provide Plaintiff and/or class members

16         with suitable seating;

17  (o)    Whether Defendants required Plaintiff and/or class members to report to

18         work, but failed to provide them with work or provided them with less

19         than half their usual or scheduled day's work, without properly

20         compensating them as required by California Code of Regulations, Title

21         8, section 11050, subdivision 5;

22  (p)    Whether Defendants failed to reimburse Plaintiff and class members for

23         necessary and required business-related expenditures and/or losses

24         incurred by them in the scope of their employment;

25  (q)    Whether Defendants engaged in unlawful and unfair business practices

26         in violation of California Business & Professions Code sections 17200,

27         *et seq.*; and

28  (r)    The appropriate amount of damages, restitution, or monetary penalties

1    resulting from Defendants' violations of California law.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

59.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

60.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

61.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

62.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

63.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

64.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the

seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

65.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

66.     First, Defendants had, and continue to have, a company-wide policy and/or practice requiring Plaintiff and class members to perform various work-related tasks while off-the-clock before and after their shifts.  For example, because Defendants' timekeeping system was integrated with the company's point-of-sale ("POS") system and Kitchen Display System ("KDS"), Plaintiff and class members would often have to wait to clock in for the start of their shifts, because other employees were using the POS system and/or KDS to handle customer transactions and display food orders for preparation.  For instance, Plaintiff was required to wait five (5) minutes under Defendants' control until a POS and/or KDS machine was available for clocking-in, time for which he was not paid.

67.     Also, Defendants implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and class members undergo mandatory COVID-19 temperature checks and/or health screenings before clocking in for their scheduled shifts.  For example, Plaintiff was required to undergo a daily temperature check, before being permitted to clock in for his shift.  As a further example, after clocking out, Plaintiff was regularly instructed by his supervisor to complete tasks such as taking out the trash, finishing cleaning the kitchen area, or re-stocking ingredients and supplies.  Thus, Defendants failed to track this time spent working before and after scheduled shifts, and failed to fully compensate Plaintiff and class members for this time.

68.     Second, Defendants also had a company-wide security policy and/or practice for closing shifts, requiring employees to leave the restaurant premises together in one group.

After clocking out at the end of their shifts, Plaintiff and class members were required to wait for all other employees to complete their own duties before they were released by a managerial employee and could leave Defendants' premises together. For example, approximately two (2) times per week when scheduled for closing shifts, Plaintiff would complete his own closing tasks, clock out, and then have to wait up to 20 minutes until his supervisor had completed his own respective closing duties, before being released. As a result, Plaintiff and class members were subject to Defendants' control after they had clocked out for their shifts, but were not compensated for this time.

69.     Third, on information and belief, Defendants had, and continue to have, a company-wide policy and/or practice of strictly staffing their restaurant locations based on the labor hours allocated by each location's labor or payroll budget set by corporate. Defendants' uniform use of labor budgets, combined with the assignment of heavy workloads, resulted in chronic understaffing and a lack of adequate meal period coverage, because there were too few employees on duty to handle the workload and attend to customers. Defendants also had a practice of failing to schedule meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods. As a result of this lack of meal period coverage, Plaintiff and class members were not always afforded 30-minute meal periods during shifts when they were entitled to receive a meal period and instead continued to work during unpaid meal periods. For example, approximately once per week, Plaintiff would miss his meal period entirely to meet the demands of his workload due to understaffing and lack of meal period coverage. For the same reasons, Plaintiff would often have his meal periods interrupted by his supervisor instructing and requiring him to return to work because customer foot traffic had increased while he was taking his meal period. Defendants did not compensate Plaintiff and class members for the time spent working off the clock during meal periods.

70.     Fourth, to prevent Plaintiff and class members from incurring meal period penalties that Defendants would otherwise owe, Defendants' timekeeping system prevented Plaintiff and class members from recording all hours worked when their meal periods were

shortened or interrupted, because the system locked out Plaintiff and class members once they clocked out for a meal period, and would not permit them to clock back in from a meal period until 30 minutes had elapsed. Thus, Defendants' timekeeping system prevented Plaintiff and class members from recording all hours worked when their meal periods were shortened or interrupted. Further, upon information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management adjusted employee time records, regardless of whether they had received a compliant meal period or not, in order to strictly limit meal penalties that would need to be paid by Defendants. Consequently, Plaintiff and class members performed work during meal periods for which they were not paid.

71.     Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing assigned duties off-the-clock during meal periods and before and after their shifts, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and class members worked shifts of eight (8) hours a day or more, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

72.     Furthermore, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration. However, in violation of the California Labor Code, Defendants failed to incorporate all compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and class members worked overtime and received these other forms of pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

73.     For example, Defendants paid Plaintiff and class members nondiscretionary bonuses which were listed on Plaintiff's and class members' wage statements as "Bonus - Hourly Referral." On information and belief, "Bonus - Hourly Referral" was a

nondiscretionary bonus for employees who recruit other employees to work for Defendants. During pay periods that class members were paid overtime wages, Defendants did not incorporate the nondiscretionary bonus into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked. Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay.  Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in the underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

74.    Defendants' failure to pay Plaintiff and class members the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against all Defendants)**

75.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

76.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 5-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs. tit. 8, § 11050(2)(K) (defining "Hours Worked").

77.    As stated, during the relevant time period, Defendants had a company-wide policy and/or practice requiring Plaintiff and class members to perform various work-related

tasks while off-the-clock before and after their shifts, including waiting to clock in for the start of their shifts because other employees were using the POS system and/or KDS machines; undergoing mandatory COVID-19 temperature checks before clocking in for their scheduled shifts; or completing closing duties after clocking out, such as taking out the trash, finishing cleaning the kitchen area, or re-stocking supplies.  Moreover, as stated, Defendants' company-wide closing procedures caused Plaintiff and class members to wait for all other employees to complete their duties before Plaintiff and class members could leave Defendants' premises, after already having clocked out at the end of their shifts.  Thus, Defendants failed to track this time Plaintiff and class members spent working off-the-clock, and Plaintiff and class members received no compensation for this time.

78.    Additionally, as stated above, due to Defendants' uniform use of labor budgets, understaffing, assignment of heavy workloads, failure to schedule meal periods, and subsequent lack of meal period coverage, Plaintiff and class members were impeded from taking all uninterrupted meal periods to which they were entitled and were required to work during their meal periods, time for which they were not paid.  Also, as set forth above, Defendants systematically failed to pay Plaintiff and class members for actual hours worked during unpaid meal periods, because Defendants' timekeeping system locked out Plaintiff and class members for 30 minutes when they clocked out for a meal period and would not permit them to clock back in from a meal period until 30 minutes had elapsed.  Further, as stated, in order to prevent employees from accruing meal period penalties, upon information and belief, Defendants' management adjusted employee time records to reflect compliant meal periods, regardless of whether they had received a compliant meal period or not.

79.    Thus, Defendants did not pay minimum wages for all hours worked by Plaintiff and class members.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

80.    As a result, Defendants regularly failed to pay at least minimum wages to

1    Plaintiff and class members for all of the hours they worked in violation of California Labor

2    Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code

3    section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an

4    amount equal to the wages unlawfully unpaid and interest thereon.

5                              **THIRD CAUSE OF ACTION**

6    **Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period**

7                                    **Violations**

8                              **(Against all Defendants)**

9          81.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10   and every allegation set forth above.

11         82.    At all relevant times herein set forth, California Labor Code section 512(a)

12   provides that an employer may not require, cause, or permit an employee to work for a period

13   of more than five (5) hours per day without providing the employee with a meal period of not

14   less than thirty (30) minutes, except that if the total work period per day of the employee is

15   not more than six (6) hours, the meal period may be waived by mutual consent of both the

16   employer and the employee.  Under California law, first meal periods must start after no more

17   than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

18         83.    At all relevant times herein set forth, California Labor Code sections 226.7,

19   512(a), 516, and 1198 provide that no employer shall require an employee to work during any

20   meal period mandated by an applicable order of the IWC.

21         84.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and

22   the applicable IWC Wage Order also require employers to provide a second meal period of

23   not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an

24   employee one (1) additional hour of pay at the employee's regular rate, except that if the total

25   hours worked is no more than twelve (12) hours, the second meal period may be waived by

26   mutual consent of the employer and the employee only if the first meal period was not waived.

27         85.    During the relevant time period, as stated, Defendants had, and continue to

28   have, a company-wide policy and/or practice of understaffing their locations due to labor

budgeting and/or limited payroll allocation, which, combined with the assignment of heavy workloads and failure to schedule meal periods, resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled.

86.     As a result, Plaintiff and class members had to work through all or part of their meal periods, had their meal periods interrupted, and/or had to wait extended periods of time before taking meal periods.  For example, Plaintiff missed his meal periods entirely approximately once per week because there were an inadequate number of employees to take over his job duties while he took his meal periods, and would have his meal periods interrupted or shortened by Defendants' management requesting he return to work. Additionally, Plaintiff was frequently required to take his meal periods late, after having worked in excess of five (5) hours or more into his shift, in order to meet the restaurant's customer demand.

87.     Moreover, Defendants did not provide Plaintiff and class members with second 30-minute meal periods on days that they worked in excess of 10 hours in one day.  For example, during the relevant time period, Plaintiff worked shifts in excess of 10 hours and never took a second meal period.  Plaintiff and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

88.     At all times mentioned herein, Defendants knew or should have known that as a result of their policies, Plaintiff and class members were not actually relieved of all duties to take timely, uninterrupted meal periods.  Defendants further knew or should have known that they did not pay Plaintiff and class members meal period premiums when meal periods were late, interrupted, shortened, and/or missed.  As set forth above, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management would adjust employees' time records to reflect compliant meal periods from Plaintiff's and class members' time records even when meal periods were missed, short, and/or interrupted.  As also set forth above, Defendants' timekeeping system locked out Plaintiff and class members once they clocked out for a meal period, and would not permit

them to clock back in from a meal period until 30 minutes had elapsed even when their meal periods were shortened or interrupted.

89.    Furthermore, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for missed, late, and/or interrupted meal periods.  Alternatively, to the extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premiums because Defendants systematically failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

90.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

91.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

92.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

93.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be

based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

94.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

95.    During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide policies and/or practices of labor budgeting and/or limited payroll allocation, understaffing, and assigning heavy workloads, resulted in a lack of rest period coverage and prevented Plaintiff and class members from being relieved of all duty in order to take compliant rest periods.  Defendants also failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take rest periods.

96.    Moreover, Defendants maintained a company-wide on-premises rest period policy, which mandated that Plaintiff and class members remain on Defendants' premises during their rest periods.  Because Plaintiff and class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands.  Thus, Defendants effectively

1    maintained control over Plaintiff and class members during rest periods.

2         97.    As a result of Defendants' practices and policies, Plaintiff and class members

3    worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without

4    receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example,

5    approximately seven (7) times per week, Plaintiff had to forego his rest periods entirely to

6    meet customer demand and due to a lack of rest period coverage.  Plaintiff's rest periods were

7    also interrupted by supervisors requiring him to return to work, sometimes cutting short his

8    rest period by as much as seven (7) minutes.

9         98.    Defendants have also engaged in a systematic, company-wide practice and/or

10   policy of not paying rest period premiums owed when rest periods are not authorized and

11   permitted.  Because of this practice and/or policy, Plaintiff and class members have not

12   received premium pay for all missed rest periods.  Alternatively, to the extent that Defendants

13   did pay Plaintiff and class members one (1) additional hour of premium pay for missed rest

14   periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for

15   premiums because Defendants failed to include all forms of compensation, such incentive pay,

16   nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a

17   result, Defendants denied Plaintiff and class members rest periods and failed to pay them rest

18   period premiums due, in violation of Labor Code sections 226.7 and 516, and the applicable

19   IWC Wage Order.

20        99.    Defendants' conduct violates the applicable IWC Wage Order and California

21   Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled

22   to recover from Defendants one (1) additional hour of pay at the employee's regular rate of

23   compensation for each work day that a compliant rest period was not authorized and

24   permitted.

25   //

26   //

27   //

28   //

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

**Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

100.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

101.    At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

102.    At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

103.    Because Defendants did not record the time Plaintiff and Subclass members spent working off the clock and deducted time from their records for meal periods that were interrupted and/or missed (and therefore time for which they should have been paid), Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with section 226(a)(1) and section 226(a)(5), respectively.  For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and Subclass members in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and corresponding accurate number of work hours worked at each hourly rate in violation of section 226(a)(9).

104.    In addition, because Defendants did not calculate Plaintiff's and Subclass

members' regular rate of pay correctly for purposes of paying overtime wages and/or meal and rest period premiums, Defendants did not list the correct amount of gross wages in compliance with section 226(a)(1).  For the same reason, Defendants failed to list the correct amount of net wages in violation of section 226(a)(5).  Defendants also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct rates of pay for overtime wages and/or meal and rest period premiums, in violation of section 226(a)(9).

105.    The wage statement deficiencies also include, without limitation, failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for which employees were paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name and address of the legal entity that is the employer; and/or failing to state all hours worked as a result of not recording or stating hours worked off-the-clock.

106.    California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall . . . [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. . . ."  At all relevant times, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

107.    California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under

conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants engaged in company-wide practices and/or policies of failing to record actual hours worked, and thereby failed to keep accurate records of work period and meal period start and stop times for Plaintiff and Subclass members, in violation of section 1198. As stated, Defendants engaged in a company-wide practice and/or policy of falsifying Plaintiff's and Subclass members' time records by recording that compliant meal periods were taken regardless of if or when meal periods were actually taken, and thereby failed to keep accurate records of meal start and end times for Plaintiff and Subclass members. Furthermore, in light of Defendants' failure to provide Plaintiff and Subclass members with second 30-minute meal periods to which they were entitled, Defendants kept no records of meal start and end times for second meal periods.

108.    Plaintiff and Subclass members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

109.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

110.    This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums, that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

111.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of

discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

112.    On information and belief, Defendants have a company-wide practice or policy of paying departing employees their final wages on the next regular pay cycle, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.  For example, Plaintiff was terminated on October 19, 2021; however, he did not receive his final pay until on or about October 25, 2021.  Thus, Defendants failed to pay Plaintiff and class members their final wages immediately, in violation of California Labor Code section 201.

113.    Additionally, Defendants willfully failed to pay Plaintiff and those class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

114.    Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

115.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

116.    This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums, that were not timely paid to Plaintiff and class members during their employment.

117.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.  Labor Code section 204 further provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

118.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

119.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within the time periods specified by California Labor Code section 204.

120.    Defendants' failure to timely pay Plaintiff and class members all wages due violates Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

//

//

//

FIRST AMENDED CLASS ACTION COMPLAINT

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

**(Against all Defendants)**

121.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

122.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order No. 5-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

123.    During the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal mobile devices, including, but not limited to, cellular phones, and/or mobile data to carry out their job duties, but failed to reimburse them for the costs of their work-related mobile device expenses.  For example. Plaintiff was required to use his personal cellular phone for work-related tasks, including responding to calls or text messages from Defendants' managers and/or supervisors regarding work-related matters.  Additionally, Plaintiff and class members were required to use their personal mobile devices and/or mobile data to download a mobile scheduling application used for accessing their work schedule.  Although Defendants required Plaintiff and class members to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, Defendants failed to reimburse them for these costs.

124.    Defendants could have provided Plaintiff and class members with the actual

equipment for use on the job, such as company mobile devices, or Defendants could have reimbursed employees for their mobile device expenses. Instead, Defendants passed these operating costs off onto Plaintiff and class members. At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

125.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802. Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

126.    Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

**NINTH CAUSE OF ACTION**

**For Civil Penalties Pursuant to California Labor Code §§ 2698,** *et seq.*

**(Against all Defendants)**

127.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

128.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5. Section 2699.5 enumerates Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 351, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802. Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 516 and 1182.12.

129.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a)    Violation of Labor Code sections 510 and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay, as alleged herein;

(b)    Violation of Labor Code sections 226.7, 510, and 1198, and the applicable IWC Wage Order for Defendants' failure to include all forms of remuneration in the "regular rate" of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and other aggrieved employees, as alleged herein;

(c)    Violation of Labor Code sections 1182.12. 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with at least minimum wages for all hours worked, as alleged herein;

(d)    Violation of Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to provide Plaintiff and other aggrieved employees with meal periods, as alleged herein;

(e)    Violation of Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to authorize and permit Plaintiff and other aggrieved employees to take rest periods, as alleged herein;

(f)    Violation of Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order for failure to provide accurate and complete wage statements to Plaintiff and other aggrieved employees, as alleged herein;

(g)    Violation of Labor Code sections 1174(d) and 1198, and the applicable IWC Wage Order for failure to maintain payroll records, as alleged herein;

(h)    Violation of Labor Code sections 201 and 202 for failure to pay all earned wages upon termination, as alleged herein;

(i)    Violation of Labor Code section 204 for failure to pay all earned wages during employment, as alleged herein;

(j)    Violation of Labor Code sections 212 and 213 for issuing instruments

1      for the payment of wages that were not payable in cash on demand,

2      without discount, and with prior authorization, as set forth below;

3          (k)    Violation of Labor Code sections 221 and 224 for unlawfully deducting

4      a portion of wages previously paid to other aggrieved employees, as set

5      forth below;

6          (l)    Violation of Labor Code section 223 for secretly paying other aggrieved

7      employees lower wages than required by statute, while purporting to

8      pay the proper wages, as set forth below;

9          (m)    Violation of Labor Code section 351 for collecting and/or withholding

10     gratuities given to other aggrieved employees, as set forth below;

11         (n)    Violation of Labor Code section 1198 and the applicable IWC Wage

12     Order for failure to provide suitable seating, as set forth below;

13         (o)    Violation of Labor Code section 1198 and the applicable IWC Wage

14     Order for fail to pay reporting time pay when other aggrieved

15     employees were put to work for less than half of their usual or

16     scheduled shifts, as set forth below; and

17         (p)    Violation of Labor Code section 2802 for failure to reimburse Plaintiff

18     and other aggrieved employees for all business expenses necessarily

19     incurred, as alleged herein and set forth below.

20     130.    At all times relevant herein, California Labor Code section 212 prohibits

21     employers from issuing any instruments for the payment of wages unless such instruments are

22     negotiable and payable in cash on demand and without discount, at some established place of

23     business in the state, the name and address of which must appear on the instrument.

24     California Labor Code section 212 further prohibits employers from issuing payment of wages

25     due in the form of any scrip, coupon, cards, or other thing redeemable, in merchandise or

26     purporting to be payable or redeemable otherwise than in money.

27     131.    California Labor Code section 213 permits employers to pay employees via

28     direct deposit so long as the employee authorizes payment via direct deposit.

132.    Under California law, employers are permitted to fulfill their wage payment obligations to employees by using payroll debit cards, but only so long as the employee is given the choice as to whether to accept a payroll debit card as a form of payment. *Johnson v. Sunrise Senior Living Management, Inc.*, No. 16 CV 00443 BRO RAOx, 2016 WL 8929249, *9 (C.D. Cal. May 5, 2016).  In *Johnson*, the court stated that the Division of Labor Standards Enforcement ("DLSE") decision deeming payroll debit card program permissible relied heavily on:

> . . . [T]he fact that the pay programs were optional, thereby allowing an employee to either participate in the program or receive his or her pay in some other way, such as direct deposit. Specifically, the DLSE opined that "[t]he success of the described procedure, in practice, will of course require that . . . it is presented as an *alternative* method for wage payment for which [the employees'] participation is optional."  The DLSE also stated, "'[i]t is significant that the program does not mandate employee participation in the Money Network Service and that it is designed to provide an alternative for employees receiving their wage payment. Employees are also given the option of having their pay direct deposited into an account of their choosing. . . ." (internal citations omitted).

133.    In addition, California law only permits employers to utilize payroll debit card programs if they provide employees with effective access to their wages without discount. The DLSE has interpreted California Labor Code sections 212 and 213 as permitting employer use of payroll debit cards where the following requirements are satisfied:

> . . . (1) [T]he "wages [are] payable at some established place of business in the state and there be at least 30 days of sufficient funds for payment,"; (2) the employees are "fully informed of the service and procedures and that it is represented as an alternative method for wage payment for which their participation is optional,"; (3) the employees receive "an itemized wage statement,"; and (4) "at least one transaction per pay period [is] without fee."

*Ortiz v. Randstad North America, L.P.*, No. C-13-5050 MMC, 2015 WL 6202298 at 3.

134.    Further, the DLSE notes that the Labor Code manifests:

> . . . [A] strong public policy that prohibits an employer (or its agent) from imposing conditions or obstacles which interfere with or prevent an employee's (*sic*) from promptly receiving their due wages *in full*.  The imposition of a fee in order to readily *access* one's earned and paid wage under a payroll card

1
2
3

> program which is designed to discharge the employer's wage payment obligations could impermissibly interfere with an employee's receipt of page wages by creating a financial condition which would have the *effect* of reducing or discounting wages because such fee would be charged against the same account in which wages are deposited." (emphases in original)

4   *DLSE opinion letter* 2008.07.07.  The DLSE has also acknowledged that payroll service

5   providers "effectively act as agents of the client employers in discharging the employer's

6   wage payment obligations."  *Id*.  In a second opinion letter, the DLSE stated that "[w]hile the

7   Labor Code does not purport to regulate the specific arrangements between employers and

8   payroll service providers, both an employer and, under the express language in Labor Code

9   § 212- their agent, must comply with its requirements."  *DLSE opinion letter* 2008.07.07.2.

10       135.    During the relevant time period, Defendants had an agreement with a payroll

11  service provider for the issuance of payroll cards to employees, including other aggrieved

12  employees, to discharge their wage payment obligations to their employees.  Under

13  Defendants' payroll debit card program, on information and belief, other aggrieved employees

14  did not have easy access to the entirety of their wages without incurring a fee.  For example,

15  other aggrieved employees were unable to withdraw their entire wages in at least one

16  transaction without incurring a fee, which resulted in a discount in their pay.  In sum,

17  Defendants' payroll debit card program presented a number of obstacles and hurdles that

18  combined, made it difficult for other aggrieved employees to access their entire wages without

19  discount and without delay.

20       136.    California courts recognize a policy favoring the full and prompt payment of

21  wages to employees.  Defendants' payroll card program denies other aggrieved employees of

22  easy access to the entirety of their wages; thus, the program violates California Labor Code

23  sections 212 and 213.  Other aggrieved employees are therefore entitled to recover civil

24  penalties pursuant to Labor Code sections 225.5 and/or 2699(a), (f), and (g).

25       137.    At all times relevant herein, California Labor Code section 221 provides that it

26  shall be unlawful for any employer to collect or receive from an employee any part of wages

27  theretofore paid by said employer to said employee.  California Labor Code section 224 also

28  provides in pertinent part that it is lawful to withhold a portion of the employee's wages if "a

1  deduction is expressly authorized in writing by the employee."

2      138.    During the relevant time period, Defendants unlawfully deducted a portion of

3  wages previously paid to other aggrieved employees in violation of California Labor Code

4  section 221.  On information and belief, Defendants systematically, and on a company-wide

5  basis, provided other aggrieved employees with payroll debit cards as payment of their wages.

6  Under Defendants' payroll debit card program, other aggrieved employees were assessed

7  various fees in connection with their use of the payroll debit cards.  For example, other

8  aggrieved employees were required to pay per-transaction fees, ATM fees, and/or other fees to

9  obtain and/or spend their earned and due wages.  The fees charged to other aggrieved

10  employees resulted in a discount of their wages.

11      139.    In addition, on information and belief, Defendants systematically, and on a

12  company-wide basis, maintained an employer-mandated tip pooling policy that allowed it to

13  improperly deduct wages from other aggrieved employees' pay.  Specifically, Defendants

14  required employees to turn over a percentage of their expected tips or gratuities to the tip pool

15  instead of the actual amounts of tips or gratuities they received.  Because tip pool percentage

16  was based on an estimated amount, if customers left smaller-than-expected tips or gratuities,

17  other aggrieved employees were required to make up the difference with their earned wages.

18  This amounted to a deduction of other aggrieved employees' wages, and, on information and

19  belief, such deductions were not expressly authorized in writing by other aggrieved

20  employees.

21      140.    Defendants' payroll debit card program and tip pooling policy, which resulted

22  in a discount of wages to employees, is tantamount to taking deductions from other aggrieved

23  employees' paychecks without their written authorization and therefore constitutes an

24  unlawful deduction of wages, in violation of Labor Code sections 221 and 224.  Other

25  aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code

26  sections 225.5 and/or 2699(a), (f), and (g).

27      141.    At all times, California Labor Code section 223 makes it unlawful for an

28  employer to secretly pay wages lower than required by statute while purporting to pay legal

wages.

142.    During the relevant time period, Defendants willfully and systematically issued payroll debit cards to other aggrieved employees that discounted their wages by charging various fees in connection with the use of the payroll debit cards.  Defendants' payroll debit card program resulted in the payment of less than statutorily required wages to other aggrieved employees.  Defendants also maintained an employer-mandated tip pooling policy that discounted other aggrieved employees' wages by requiring them to turn over wages to the tip pool if the estimated tip pool percentage was not met.  In doing so, Defendants acted with the intent to deprive other aggrieved employees of statutory wages, including, but not limited to, overtime wages and/or minimum wages, to which they were entitled to under California law.  Thus, Defendants paid other aggrieved employees lower wages than those they were entitled to while purporting that other aggrieved employees were properly paid.

143.    Defendants' failure to pay other aggrieved employees the correct designated wage, while purporting to pay legal wages, is a violation of California Labor Code section 223.  Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 225.5 and/or 2699(a), (f), and (g).

144.    At all times relevant herein, Labor Code section 351 provides that an employer may not collect, take or receive any part of a gratuity paid to or left for an employee by a patron, and that every gratuity is the sole property of the employee or employees to whom it was paid, given, or left for.  California law permits employer-mandated tip pooling so long as the tip pooling policy is reasonable.

145.    During the relevant time period, as stated, Defendants implemented a company-wide employer-mandated tip pooling policy, whereby they required employees to turn over a percentage of their expected tips or gratuities to the tip pool instead of the actual amounts of tips or gratuities they received.  Because tip pool percentage was based on an estimated amount, if customers left smaller-than-expected tips or gratuities, other aggrieved employees were required to make up the difference with their earned wages.  Defendants' employer-mandated tip pooling policy was therefore unreasonable and in violation of California Labor

Code section 351.  Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

146.  At all relevant times herein, California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

147.  California Code of Regulations, Title 8, section 11050(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

148.  Plaintiff alleges that Defendants' California restaurants are generally similar in their layout and design and there was, and continues to be, space behind host stands to allow for the presence and use of a seat or stool by other aggrieved employees (with reasonable or no modification to these work areas) during the performance of their work duties.  Defendants could provide other aggrieved employees with a seat or stool at their host stands, but instead deny employees seating and force other aggrieved employees to stand throughout the day.

149.  Other aggrieved employees spent a substantial portion of their day behind or at these host stands.  The nature of the work of an employee performing host duties at host stands can reasonably be accomplished from a seated position.  However, as set forth herein, Defendants systematically, and on a company-wide basis, do not provide seats or stools at or near the host stands, forcing other aggrieved employees to stand throughout their work shifts.

150.  Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11050(14)(A), because other aggrieved employees were not allowed to sit, even when it would not have interfered with the performance of their duties, nor were they provided with suitable seats.  Defendants' management did not inform other aggrieved employees that they were allowed to sit down, provide any means for them to sit down, or mention any policy regarding sitting.

151.    As a result of Defendants' company-wide policy and/or practice prohibiting employees from sitting during their shifts and company-wide failure to provide suitable seating, other aggrieved employees were forced to stand during shifts and denied seats. Defendants' failure to provide suitable seating to other aggrieved employees violates California Labor Code section 1198 and IWC Wage Order No. 5-2001, subdivision 14(A). Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

152.    At all relevant times herein, California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

153.    California Code of Regulations, Title 8, section 11050(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

154.    As stated, Plaintiff alleges that Defendants' California restaurants are generally similar in their layout and design and there was, and continues to be, space near their work areas (with reasonable or no modification to these work areas) to allow for the presence and use of a seat or stool by other aggrieved employees during lulls in operation.  Defendants could have provided other aggrieved employees with a seat or stool in their work areas, but instead denied, and continue to deny, employees seating, forcing them to stand throughout the day.

155.    Defendants did not provide other aggrieved employees with suitable seats or stools in reasonable proximity to their work areas to allow them to use seats when it would not interfere with the performance of their duties for times when they were not engaged in active

1    duties that require standing.  In other words, to the extent other aggrieved employees engaged

2    in duties in which the nature of the work required standing, Defendants denied them the use of

3    suitable seats nearby during lulls in their work duties.  Moreover, Defendants did not inform

4    other aggrieved employees of their rights to a seat or stool under California law.

5        156.    As a result of Defendants' company-wide policy and/or practice of prohibiting

6    employees from sitting at any time, even when engaged in active duties requiring standing,

7    and company-wide failure to provide seats in reasonable proximity to their work areas, other

8    aggrieved employees were forced to stand during shifts and denied seats.  Defendants' failure

9    to provide suitable seating violated California Labor Code section 1198 and IWC Wage Order

10   No. 5-2001 subdivision (14)(B).  Other aggrieved employees are therefore entitled to recover

11   civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

12       157.    At all relevant times herein, California Labor Code section 1198 makes it

13   illegal to employ an employee under conditions of labor that are prohibited by the applicable

14   wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of

15   labor fixed by the commission shall be the . . . standard conditions of labor for employees.

16   The employment of any employee . . . under conditions of labor prohibited by the order is

17   unlawful."

18       158.    California Code of Regulations, Title 8, section 11050(5)(A) provides that

19   "[e]ach workday an employee is required to report for work and does report, but is not put to

20   work or is furnished less than half said employee's usual or scheduled day's work, the

21   employee shall be paid for half the usual or scheduled day's work, but in no event for less

22   than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which

23   shall not be less than the minimum wage."  The "primary purpose of the reporting time

24   regulation" is "to guarantee at least partial compensation for employees who report to work

25   expecting to work a specified number of hours, and who are deprived of that amount because

26   of inadequate scheduling or lack of proper notice by the employer." *Aleman v. AirTouch

27   Cellular*, 209 Cal. App. 4th 556 (2012).

28       159.    During the relevant time period, Defendants violated California Labor Code

1   section 1198 and California Code of Regulations, Title 8, section 11050(5)(A), because

2   Defendants failed to pay other aggrieved employees reporting time pay when they reported to

3   work for their usual or scheduled shift but were put to work for less than half of the usual or

4   scheduled day's work.

5         160.    Defendants had a company-wide practice of sending other aggrieved employees

6   home early from their shifts, including before they had worked at least half of their usual or

7   scheduled shift, but would not pay other aggrieved employees for half of their usual or

8   scheduled shift.  For example, on information and belief, when scheduled to work an eight (8)

9   hour shift, other aggrieved employees were sent home before four (4) hours had elapsed

10   because business was slow, but were only paid for the time that they had worked.  Although

11   other aggrieved employees would report to work based on the schedule that Defendants

12   provided to them, Defendants would send them home before they had worked at least half of

13   their usual or scheduled shifts without giving them reporting time pay.

14         161.    Accordingly, other aggrieved employees were not properly compensated with

15   reporting time pay in violation of California Labor Code section 1198 and California Code of

16   Regulations, Title 8, section 11050(5)(A).  Other aggrieved employees are entitled to recover

17   civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

18         162.    California Labor Code section 2802 requires employers to pay for all necessary

19   expenditures and losses incurred by the employee in the performance of his or her job.  The

20   purpose of Labor Code section 2802 is to prevent employers from passing off their cost of

21   doing business and operating expenses on to their employees.  *Cochran v. Schwan's Home*

22   *Service, Inc*., 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage

23   Order No. 5-2001, provides that: "[w]hen tools or equipment are required by the employer or

24   are necessary to the performance of a job, such tools and equipment shall be provided and

25   maintained by the employer, except that an employee whose wages are at least two (2) times

26   the minimum wage provided herein may be required to provide and maintain hand tools and

27   equipment customarily required by the trade or craft."

28         163.    During the relevant time period, Defendants, on a company-wide basis,

required other aggrieved employees to use their own personal vehicles to carry out company business, but failed to reimburse them for all costs of travel, including mileage.  For example, other aggrieved employees were required to utilize their personal vehicles to travel to work-related meetings.  Although Defendants required other aggrieved employees to utilize their personal vehicles to carry out their work-related responsibilities, Defendants failed to reimburse them for their mileage or travel expenses.

164.    In addition, during the relevant time period, Defendants required other aggrieved employees to purchase supplies and equipment necessary for the performance of their duties, but failed to reimburse them for their out-of-pocket costs.  For example, other aggrieved employees were required to purchase paper and pens for work-related duties, because Defendants failed to provide them with the necessary supplies and/or equipment which were required for the restaurant to operate properly and/or meet management's expectations.  Although Defendants required other aggrieved employees purchase supplies and equipment to carry out their work-related responsibilities, Defendants failed to reimburse them for their out-of-pocket costs.

165.    Defendants could have provided other aggrieved employees with the actual equipment for use on the job, such as company vehicles and supplies and equipment, or Defendants could have reimbursed employees for the costs of their travel, mileage, and supplies and equipment.  Instead, Defendants passed these operating costs off onto other aggrieved employees.  Accordingly, Defendants had, and continue to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of California Labor Code section 2802.  Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

166.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

1    and every allegation set forth above.

2        167.    Defendants are "persons" as defined by California Business & Professions

3    Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

4    and/or associations.

5        168.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

6    unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has

7    suffered injury in fact and has lost money as a result of Defendants' unlawful business

8    practices.  Plaintiff seeks to enforce important rights affecting the public interest within the

9    meaning of Code of Civil Procedure section 1021.5.

10        169.    Defendants' activities, as alleged herein, are violations of California law, and

11   constitute unlawful business acts and practices in violation of California Business &

12   Professions Code sections 17200, *et seq*.

13        170.    A violation of California Business & Professions Code sections 17200, *et seq.*

14   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

15   policies and practices have violated state law in at least the following respects:

16            (a)    Requiring non-exempt, hourly paid employees, including Plaintiff and

17                class members, to work overtime without paying them proper

18                compensation in violation of California Labor Code sections 510 and

19                1198, and the applicable IWC Wage Order, as alleged herein;

20            (b)    Failing to include all forms of remuneration in the "regular rate" of pay

21                as required by law for purposes of paying overtime wages and/or meal

22                and rest period premiums to Plaintiff and class members, in violation of

23                California Labor Code sections 226.7, 510, and 1198, and the applicable

24                IWC Wage Order, as alleged herein;

25            (c)    Failing to pay at least minimum wage to Plaintiff and class members in

26                violation of California Labor Code sections 1182.12, 1194, 1197,

27                1197.1, and 1198, and the applicable IWC Wage Order, as alleged

28                herein;

(d)   Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e)   Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(f)   Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(g)   Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein; and

(h)   Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein.

171.    As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

172.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

//

//

**ELEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200,** *et seq.* **–**

**Unfair Business Practices**

**(Against all Defendants)**

173.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

174.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

175.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

176.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under California Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct."  *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.*  (*Id.*)

177.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute

1    acts against the public policy behind these laws.

2         178.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

3    Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

4    benefits implemented by California Labor Code section 226.7 withheld and retained by

5    Defendants during a period that commences four years prior to the filing of this complaint; a

6    permanent injunction requiring Defendants to pay all statutory benefits implemented by

7    California Labor Code section 226.7 due to Plaintiff and class members; an award of

8    attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other

9    applicable laws; and an award of costs.

10                        **REQUEST FOR JURY TRIAL**

11         Plaintiff requests a trial by jury.

12                        **PRAYER FOR RELIEF**

13         Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

14    against Defendants, jointly and severally, as follows:

15         1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

16    excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

17    reserves the right to amend his prayer for relief to seek a different amount.

18                            **Class Certification**

19         2.    That this case be certified as a class action;

20         3.    That Plaintiff be appointed as the representative of the Class and Subclass;

21         4.    That counsel for Plaintiff be appointed as class counsel.

22                    **As to the First Cause of Action**

23         5.    That the Court declare, adjudge, and decree that Defendants violated California

24    Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to

25    pay all overtime wages due to Plaintiff and class members;

26         6.    For general unpaid wages at overtime wage rates and such general and special

27    damages as may be appropriate;

28         7.    For pre-judgment interest on any unpaid overtime compensation commencing

1    from the date such amounts were due, or as otherwise provided by law;

2        8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3    California Labor Code section 1194(a); and

4        9.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6                        **As to the Second Cause of Action**

7        10.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Wage

9    Order by willfully failing to pay minimum wages to Plaintiff and class members;

10        11.    For general unpaid wages and such general and special damages as may be

11    appropriate;

12        12.    For pre-judgment interest on any unpaid compensation from the date such

13    amounts were due, or as otherwise provided by law;

14        13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

15    California Labor Code section 1194(a);

16        14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

17        15.    For such other and further relief as the Court may deem equitable and

18    appropriate.

19                        **As to the Third Cause of Action**

20        16.    That the Court declare, adjudge, and decree that Defendants violated California

21    Labor Code sections 226.7, 512(a), 516, and 1198 and the applicable IWC Wage Order by

22    willfully failing to provide all meal periods to Plaintiff and class members;

23        17.    That the Court make an award to the Plaintiff and class members of one (1)

24    hour of pay at each employee's regular rate of pay for each workday that a meal period was

25    not provided;

26        18.    For all actual, consequential, and incidental losses and damages, according to

27    proof;

28        19.    For premiums pursuant to California Labor Code section 226.7(c);

1    20.    For pre-judgment interest on any unpaid meal period premiums from the date

2    such amounts were due, or as otherwise provided by law;

3    21.    For attorneys' fees pursuant to California Code of Civil Procedure section

4    1021.5, or as otherwise provided by law; and

5    22.    For such other and further relief as the Court may deem equitable and

6    appropriate.

7                          **As to the Fourth Cause of Action**

8    23.    That the Court declare, adjudge and decree that Defendants violated California

9    Labor Code sections 226.7, 516, and 1198 and the applicable IWC Wage Order by willfully

10   failing to authorize and permit Plaintiff and class members to take all rest periods;

11   24.    That the Court make an award to the Plaintiff and class members of one (l) hour

12   of pay at each employee's regular rate of pay for each workday that a rest period was not

13   authorized and permitted;

14   25.    For all actual, consequential, and incidental losses and damages, according to

15   proof;

16   26.    For premiums pursuant to California Labor Code section 226.7(c);

17   27.    For pre-judgment interest on any unpaid rest period premiums from the date

18   such amounts were due, or as otherwise provided by law;

19   28.    For attorneys' fees pursuant to California Code of Civil Procedure section

20   1021.5, or as otherwise provided by law; and

21   29.    For such other and further relief as the Court may deem equitable and

22   appropriate.

23                          **As to the Fifth Cause of Action**

24   30.    That the Court declare, adjudge and decree that Defendants violated the

25   recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC

26   Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate

27   itemized wage statements thereto;

28   31.    For all actual, consequential, and incidental losses and damages, according to

1  proof;

2      32.    For injunctive relief pursuant to California Labor Code section 226(h);

3      33.    For statutory penalties pursuant to California Labor Code section 226(e);

4      34.    For attorneys' fees and costs pursuant to California Labor Code section

5  226(e)(1); and

6      35.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8  **As to the Sixth Cause of Action**

9      36.    That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages,

11  and/or meal and rest period premiums owed at the time of termination of the employment of

12  Plaintiff and other terminated class members;

13      37.    For all actual, consequential and incidental losses and damages, according to

14  proof;

15      38.    For waiting time penalties according to proof pursuant to California Labor

16  Code section 203 for all employees who have left Defendants' employ;

17      39.    For pre-judgment interest on any unpaid wages from the date such amounts

18  were due, or as otherwise provided by law;

19      40.    For attorneys' fees pursuant to California Code of Civil Procedure section

20  1021.5, or as otherwise provided by law; and

21      41.    For such other and further relief as the Court may deem equitable and

22  appropriate.

23  **As to the Seventh Cause of Action**

24      42.    That the Court declare, adjudge and decree that Defendants violated California

25  Labor Code section 204 by willfully failing to timely pay Plaintiff and class members

26  overtime wages, minimum wages, and/or meal and rest period premiums during their

27  employment;

28      43.    For all actual, consequential and incidental losses and damages, according to

1  proof;

2      44.    For statutory penalties according to proof pursuant to California Labor Code

3  section 210;

4      45.    For pre-judgment interest on any unpaid wages from the date such amounts

5  were due, or as otherwise provided by law;

6      46.    For attorneys' fees pursuant to California Code of Civil Procedure section

7  1021.5, or as otherwise provided by law; and

8      47.    For such other and further relief as the Court may deem equitable and

9  appropriate.

10  **As to the Eighth Cause of Action**

11      48.    That the Court declare, adjudge and decree that Defendants violated California

12  Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

13  related expenses and costs incurred by Plaintiff and class members;

14      49.    For unpaid business-related expenses and such general and special damages as

15  may be appropriate;

16      50.    For pre-judgment interest on any unpaid business-related expenses from the

17  date such amounts were due, or as otherwise provided by law;

18      51.    For all actual, consequential, and incidental losses and damages, according to

19  proof;

20      52.    For attorneys' fees and costs pursuant to California Labor Code section

21  2802(c), or as otherwise provided by law; and

22      53.    For such other and further relief as the Court may deem equitable and

23  appropriate.

24  **As to the Ninth Cause of Action**

25      54.    That the Court declare, adjudge and decree that Defendants violated the

26  following California Labor Code provisions as to Plaintiff and/or other aggrieved employees:

27  510 and 1198 (by failing to pay all overtime compensation); 1182.12, 1194, 1197, 1197.1, and

28  1198 (by failing to pay at least minimum wages for all hours worked); 226.7, 512(a), 516, and

1198 (by failing to provide all meal periods); 226.7, 516, and 1198 (by failing to authorize and permit all rest periods); 226(a), 1174(d), and 1198 (by failing to provide accurate wage statements and maintain accurate payroll records); 201 and 202 (by failing to timely pay all earned wages upon termination); 204 (by failing to timely pay all earned wages during employment); 212 and 213 (by failing to make earned wages accessible without discount); 221 and 224 (by collecting and/or receiving wages already paid); 223 (by secretly paying wages lower than required by statute); 351 (by collecting and/or withholding gratuities given to employees); 1198 and the applicable IWC Wage Order (by failing to provide suitable seating); 1198 and the applicable IWC Wage Order (by failing to pay reporting time pay); and 2802 (by failing to reimburse business expenses);

55.    For civil penalties pursuant to the California Labor Code, including sections 210, 225.5, 226.3, 256, 558, 1174.5, 2699(a), (f), and (g), for violations of California Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 351, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802;

56.    For attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), and any and all other relevant statutes, for Defendants' violations of California Labor Code sections 201, 202, 204, 212, 213, 221, 223, 224, 226(a), 226.7, 351, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802;

57.    For pre-judgment and post-judgment interest as provided by law; and for such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

58.    That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, and

failing to reimburse Plaintiff and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

59.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

60.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

61.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

62.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eleventh Cause of Action

63.    That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under California Labor Code section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

64.    For restitution of the statutory benefits under California Labor Code section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

65.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

66.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

67.    For pre-judgment and post-judgment interest as provided by law; and

68.    For such other and further relief as the Court may deem equitable and appropriate.


Dated: August 24, 2022                    Respectfully submitted,


Capstone Law APC


By:    */s/ Roxanna Tabatabaeepour*

Orlando Villalba
Helga Hakimi
Roxanna Tabatabaeepour

Attorneys for Plaintiff Jose Jesus Avalos-Aviles

FIRST AMENDED CLASS ACTION COMPLAINT