Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Helga Hakimi (SBN 257381)
Helga.Hakimi@capstonelawyers.com
Roxanna Tabatabaeepour (SBN 260187)
Roxanna.Taba@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff Jose Jesus Avalos-Aviles

Adam Y. Siegel (SBN 238568)
Adam.siegel@jacksonlewis.com
Martin P. Vigodnier (SBN 311834)
Martin.vigodnier@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
RED ROBIN INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS AVALOS-AVILES, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>          Plaintiff,<br><br>     vs.<br><br>RED ROBIN INTERNATIONAL, INC. dba RED ROBIN BURGER AND SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | No. 2:22-cv-1257 DAD DB<br><br>STIPULATED PROTECTIVE ORDER |

1. <u>INTRODUCTION</u>

    1.1 <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2 <u>GOOD CAUSE STATEMENT</u>

      As a wage and hour class action, this action is likely to involve discovery of putative class members' contact information and other sensitive information in which the putative class members have a legally protected privacy interest under the California Constitution. See, e.g., Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007).  This action may additionally involve discovery of records that include customer and pricing lists and other valuable research, development, commercial, financial and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, tax filings, information regarding confidential business practices, and other confidential research, development, or commercial information, information otherwise generally unavailable

to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: Jose Jesus Avalos-Aviles, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA") v. Red Robin International, Inc., a Nevada corporation; DOES 1 through 10, inclusive; Case No. 2:22-cv-01257-DAD-DB.

2.2 Challenging Party: a Party or Nonparty that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Nonparty that designates information or items

that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Nonparty</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11 <u>Party</u>: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial will be governed by a separate agreement or the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are

prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

(a) for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material

on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition, or by notifying the other party in writing that the material is protected within 30 days of receiving the transcript of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass

or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the persons authorized under this Order.

7.2 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order;

1   and

2    (c) cooperate with respect to all reasonable procedures sought to be pursued by
3   the Designating Party whose Protected Material may be affected.

4    If the Designating Party timely seeks a protective order, the Party served with the
5   subpoena or court order should not produce any information designated in this action
6   as "CONFIDENTIAL" before a determination on the protective-order request by the
7   relevant court unless the Party has obtained the Designating Party's permission. The
8   Designating Party bears the burden and expense of seeking protection of its Confidential
9   Material, and nothing in these provisions should be construed as authorizing or
10  encouraging a Receiving Party in this Action to disobey a lawful directive from another
11  court.

12   9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
13  <u>PRODUCED IN THIS LITIGATION</u>

14   (a) The terms of this Order are applicable to information produced by a Nonparty
15  in this Action and designated as "CONFIDENTIAL." Such information is protected by
16  the remedies and relief provided by this Order. Nothing in these provisions should be
17  construed as prohibiting a Nonparty from seeking additional protections.

18   (b) In the event that a Party is required by a valid discovery request to produce a
19  Nonparty's Confidential Information in its possession and the Party is subject to an
20  agreement with the Nonparty not to produce the Nonparty's Confidential Information,
21  then the Party must:

22   (1) promptly notify in writing the Requesting Party and the Nonparty that
23  some or all of the information requested is subject to a confidentiality agreement with
24  a Nonparty;

25   (2) promptly provide the Nonparty with a copy of this Order, the relevant
26  discovery request(s), and a reasonably specific description of the information requested;
27  and

28

1           (3) make the information requested available for inspection by the

2 Nonparty, if requested.

3           (c) If the Nonparty fails to seek a protective order within 14 days of receiving the

4 notice and accompanying information, the Receiving Party may produce the Nonparty's

5 Confidential Information responsive to the discovery request. If the Nonparty timely

6 seeks a protective order, the Receiving Party must not produce any information in its

7 possession or control that is subject to the confidentiality agreement with the Nonparty

8 before a ruling on the protective-order request. Absent a court order to the contrary, the

9 Nonparty must bear the burden and expense of seeking protection of its Protected

10 Material.

11           10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

12           If a Receiving Party learns that by inadvertence or otherwise, it has disclosed

13 Protected Material to any person or in any circumstance not authorized under this Order,

14 the Receiving Party must immediately notify the Designating Party in writing of the

15 unauthorized disclosures; use its best efforts to retrieve all unauthorized copies of the

16 Protected Material; inform the person or persons to whom unauthorized disclosures

17 were made of the terms of this Order; and ask that person or persons to execute the

18 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

19           11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

20 <u>PROTECTED MATERIAL</u>

21           When a Producing Party gives notice to Receiving Parties that certain

22 inadvertently produced material is subject to a claim of privilege or other protection,

23 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

24 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

25 may be established in an e-discovery order that provides for production without prior

26 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

27 parties reach an agreement on the effect of disclosure of a communication or

28

information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

      14. <u>SANCTIONS</u>

      Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-01257-DAD-DB

1

Date: February 7, 2023                          CAPSTONE LAW APC

2

3                                               By: /s/ Roxanna Tabatabaeepour
                                                Orlando Villalba
4                                               Helga Hakimi
                                                Roxanna Tabatabaeepour
5

6                                               Attorney for Plaintiff,

7

8
Dated:  February 17, 2023                       JACKSON LEWIS P.C.
9

10

11

12                                      By:      _____ /s/ Martin P. Vigodnier _____
                                                Adam Y. Siegel
13                                              Martin P. Vigodnier

14
                                                Attorneys for Defendant
15                                              RED ROBIN INTERNATIONAL,
                                                INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-01257-DAD-DB

1

**ORDER**

2    IT IS HEREBY ORDERED that the parties' stipulation is granted.

3    IT IS FURTHER ORDERED THAT:

4    1.  Requests to seal documents shall be made by motion before the same judge who will

5    decide the matter related to that request to seal.

6    2.  The designation of documents (including transcripts of testimony) as confidential

7    pursuant to this order does not automatically entitle the parties to file such a document with the

8    court under seal.  Parties are advised that any request to seal documents in this district is governed

9    by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a

10   written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a

11   mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires

12   that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing,

13   the requested duration, the identity, by name or category, of persons to be permitted access to the

14   document, and all relevant information."  L.R. 141(b).

15   3.  A request to seal material must normally meet the high threshold of showing that

16   "compelling reasons" support secrecy; however, where the material is, at most, "tangentially

17   related" to the merits of a case, the request to seal may be granted on a showing of "good cause."

18   Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana

19   v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

20   4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of

21   certain documents, at any court hearing or trial – such determinations will only be made by the

22   court at the hearing or trial, or upon an appropriate motion.

23   5.  With respect to motions regarding any disputes concerning this protective order which

24   the parties cannot informally resolve, the parties shall follow the procedures outlined in Local

25   Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex

26   parte basis or on shortened time.

27   ////

28   ////

1    6.  The parties may not modify the terms of this Protective Order without the court's

2    approval.  If the parties agree to a potential modification, they shall submit a stipulation and

3    proposed order for the court's consideration.

4    7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement

5    of the terms of this Protective Order after the action is terminated.

6    8.  Any provision in the parties' stipulation that is in conflict with anything in this order is

7    hereby DISAPPROVED.

8    DATED: February 17, 2023                        /s/ DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-01257-DAD-DB

1

**EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3        I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty of perjury that

5   I have read in its entirety and understand the Stipulated Protective Order that was

6   issued by the United States District Court for the Eastern District of California on

7   [date] in the case of *Jose Jesus Avalos-Aviles, v. Red Robin International, Inc.* Case

8   No. 2:22-cv-01257-DAD-DB. I agree to comply with and to be bound by all the terms

9   of this Stipulated Protective Order and I understand and acknowledge that failure to so

10  comply could expose me to sanctions and punishment in the nature of contempt. I

11  solemnly promise that I will not disclose in any manner any information or item that is

12  subject to this Stipulated Protective Order to any person or entity except in strict

13  compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court

15  for the Eastern District of California for the purpose of enforcing the terms of this

16  Stipulated Protective Order, even if such enforcement proceedings occur after

17  termination of this action.

18        I hereby appoint _____ [print or type full name] of

19  _____ [print or type full address and

20  telephone number] as my California agent for service of process in connection with

21  this action or any proceedings related to enforcement of this Stipulated Protective

22  Order.

23

24  Date: _____

25  City and State where sworn and signed: _____

26

27                                        17
                              STIPULATED PROTECTIVE ORDER
28                              Case No. 2:22-cv-01257-DAD-DB

1  Printed name: _____

2

3  Signature: _____

4

   4865-7326-4207, v. 1

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-01257-DAD-DB